UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBINSON YESID GUIZA CORDOBA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1378

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner and enjoining Respondents from re-detaining Petitioner unless Respondents provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.21.)

In an Order entered on May 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the February 10, 2026, bond hearing on May 6, 2026. (Resp., ECF No. 5; Recording of Feb. 10, 2026, Bond Hearing, filed on May 6, 2026.) Petitioner filed his reply on May 12, 2026, (ECF No. 6).

**II.     Relevant Factual Background**

Petitioner is a native and citizen of Colombia. (Pet., ECF No. 1, PageID.8.) On December 2, 2025, ICE arrested Petitioner. (Resp., ECF No. 5, PageID.115.)

On January 6, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Guiza Cordoba v. Raycraft* (*Guiza Cordoba I*), No. 1:26-cv-36 (W.D. Mich.). In *Guiza Cordoba I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Guiza Cordoba I*, (W.D. Mich. Feb. 3, 2026), (ECF Nos. 6, 7.).

On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4; Order of the Immigration Judge, ECF No. 1-2, PageID.28.) On that same day, the immigration judge issued an order denying bond. (Order of the Immigration Judge, ECF No. 1-2, PageID.28.) The Order of the Immigration Judge states:

Denied because[:]

Flight risk.

(*Id.*)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 10, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the

government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied a constitutionally deficient burden of proof. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 9, 2026              /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge

3